AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Western District of Texas

**FILED**
August 27, 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____Fidel Morales_____
DEPUTY

United States of America
v.
Miguel Angel LOZANO Sanchez

*Defendant(s)*

Case No.

**EP:25-M-04775-MAT**

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __August 26, 2025__ in the county of __El Paso__ in the __Western__ District of __Texas__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 USC Section 2252(a)(1) | Transportation of material involving the sexual exploitation of children |

This criminal complaint is based on these facts:

See Attached Affidavit

☑ Continued on the attached sheet.

**Complaint sworn to telephonically on** __August 27, 2025__ **at** __02:00 PM__ **and signed electronically. FED.R.CRIM.P. 4.1(b)(2)(A)**

*Complainant's signature*
Javier Alvidrez, HSI Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 08/27/2025

*Judge's signature*

City and state: El Paso, Texas

Miguel A. Torres, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Special Agent ("SA") Javier Alvidrez, herein after "Affiant, being duly sworn do hereby depose and state:

1. Affiant is an SA with Homeland Security Investigations (HSI) assigned to the Office of the Special Agent in Charge (SAC) El Paso Office. Affiant has been employed with HSI as a Special Agent (SA) since 2010 and currently assigned to the Cyber Crimes Group (CCG). Affiant is authorized to investigate crimes involving the sexual exploitation of children to include violations of 18 U.S.C. § 2252(a)(1)-Transportation of Child Pornography.

2. The statements contained in this Affidavit are based on Affiant's experience, background as a SA, and on information provided by other law enforcement officers. Your Affiant has not included all facts known concerning this matter, but only facts necessary to set forth probable cause.

3. On August 26, 2025, U.S. Customs and Border Protection Officers were conducting inspections at the Paso Del Norte Port of Entry, El Paso, Texas. At approximately 04:10 p.m., a gray colored Chevrolet Tahoe, bearing Mexican registration, approached the primary inspection booth. CBPO Carrizales identified the driver of the vehicle as Miguel Angel LOZANO Sanchez and the passenger as Martha SANCHEZ Serrano who stated they were moving household items from Mexico to El Paso, Texas. CBPO Carrizales obtained a negative declaration for ammunition, narcotics, or other illicit items. CBPO Carrizales conducted initial queries and observed an alert for an outstanding warrant from Washington for Miguel Angel LOZANO Sanchez. The vehicle was referred to secondary inspection.

4. In secondary, CBPO Day proceeded to obtain a secondary declaration from LOZANO. CBPO Day observed LOZANO was in possession of a white colored cellular phone. CBPO Day informed LOZANO CBPO's would be conducting a search of his cellular device and asked LOZANO if there was any derogatory information on the device such as narcotics or human smuggling, human trafficking, large amounts of currency, or child pornography. LOZANO asked if a search of his cellular phone was necessary and what would happen if he did not consent to the search. CBPO Day explained that CBPO's had border search authority to conduct a search of persons and belongings entering the United States upon crossing the international boundary. CBPO Day observed LOZANO became nervous by turning and blading his body away from CBPO Day while speaking to SANCHEZ in the Spanish language. LOZANO tried to place his cellular device inside his pocket. LOZANO then attempted to break his cellular device utilizing both hands and

bending it over his leg. CBPO's were able to gain compliance from LOZANO and secured the cellular device.

5. CBPO's escorted LOZANO to a holding area for further questioning. CBPO Day informed LOZANO that his cooperation and compliance would be helpful to expedite the inspection and asked LOZANO what type of derogatory information was present on the device. LOZANO hesitated then responded there were videos and conversations related to human smuggling and child pornography. LOZANO added the child pornography would be found in the Telegram application. LOZANO was given a publication explaining the authorities and procedures for inspection of electric devices. LOZANO provided the PIN code for the device to CBPO's.

6. CBPO Day proceeded to conduct a basic search of the device and observed a file, containing apparent CSAM, stored within the photo gallery of the device. CBPO Day stopped the search of the device and contacted HSI.

7. Your affiant and Special Agent Antonio Yanez responded to the Paso Del Norte Port of Entry and were briefed of the incident by CBPO's. Affiant was provided with LOZANO's cellular phone, passcode provided by LOZANO and the location of suspected files. Affiant identified the device as an iPhone 15 Plus and noted the device was in airplane mode. The device had a display name of Angel Lozano with telephone number ending in 6263. Affiant noted the partial name "Mike Loza" was displayed as the Apple user id on the device. Affiant identified the Telegram messaging application was installed on the device however chats were unable to be seen due to the device being placed in airplane mode.

8. Affiant observed a file which depicted CSAM as defined under 18 USC 2256. The file was located inside the videos folder within the photo gallery of the device. The file was a video depicting a female pre-pubescent child sitting on the edge of a bed. The camera is focused on the child's head. The child then performs oral sex on an adult male penis.

9. LOZANO was read his Miranda Warnings in the English language by Affiant and witnessed by SA Yanez. LOZANO acknowledged he understood his rights and requested to speak with an attorney. The interview was then terminated.

10. Agents conducted an interview with Martha SANCHEZ Serrano. SANCHEZ reiterated she and her son, LOZANO, were moving household items to their residence in El Paso, TX. SANCHEZ stated she and LOZANO had resided in Ciudad Juarez, Chihuahua, MX for the last two years with her husband.

11. Affiant presented the Apple iPhone 15 Plus to SANCHEZ and inquired about the owner of the device, SANCHEZ identified the cellular device as belonging LOZANO and that LOZANO had owned the device for approximately one year. SANCHEZ explained LOZANO had purchased the device from a T-Mobile store in Spokane, WA. SANCHEZ stated LOZANO is the only person that uses the device and that she did not believe that anyone else had access to the device. The interview was then terminated.

12. There is reason to believe, and your Affiant does believe, there is probable cause that LOZANO, while using a facility of interstate and foreign commerce, did transport material depicting the sexual exploitation of children in violation of 18 U.S.C. § 2252(a)(1).

13. This affidavit is intended to show merely that there is sufficient probable cause for the arrest of LOZANO and does not set forth all the Affiant's knowledge about this matter.

_____
Javier Alvidrez
Special Agent


Subscribed and sworn before me this 27th day of August 2025

_____
Miguel A. Torres
United States Magistrate Judge